ROBERTO HUYKE IGLESIAS, ET AL., demandantes y recurridos, *v.* SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA DE PUERTO RICO, ET AL., demandados y peticionarios.

*Número:* O-81-19     *Resuelto:* 29 de abril de 1982

*Mario Arroyo Dávila,* de *Dubón, González & Vázquez,* abogado de los recurrentes; *Jesús Hernández Sánchez,* abogado de los recurridos.

PER CURIAM: Emitimos orden de mostrar causa dirigida a los demandantes para que comparecieran a exponer

razones por las cuales no deberíamos expedir el auto y revocar la resolución del Tribunal Superior, Sala de San Juan, por la cual se niega a desestimar sumariamente la demanda. Han comparecido y resolvemos.

I

No existe controversia alguna en que el demandante Roberto Huyke Iglesias es socio activo desde hace varios años de la Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico —institución que presta a sus miembros y público en general distintos servicios médicohospitalarios. Según el contrato suscrito, la institución "no viene obligada a [prestar] otros servicios que los que puedan prestar usualmente sus propios facultativos y las facilidades de su hospital". Huyke Iglesias ingresó como paciente el 1ro de agosto de 1978 por órdenes del doctor Pérez Anzalota, Cirujano Cardiovascular del hospital para ". . . corroborar su diagnóstico de Aneurisma Abdominal de la Aorta mediante estudio de las arterias y cirugía correspondiente". Al día siguiente, la Dra. Magali De Mari de Elías, Radióloga, procedió a hacer dicho estudio y a pesar de varios intentos no pudo efectuar el mismo.

El Dr. Pérez Anzalota me informó que el estudio era esencial para efectuar la operación ya que existía la posibilidad de estar las arterias renales afectadas; y por esa razón me refirió al Dr. Raúl García Rinaldi, Cirujano Cardiovascular del Houston Heart Institute quien nos indicó era inminente viajar a Houston. Decisión acertada y corroborada por los médicos en Houston quienes me indicaron que de haberse efectuado la operación sin el estudio, hubiera podido tener fatales consecuencias debido a la oclusión coronaria existente y no diagnosticada acá.

El 13 de agosto ingresé al Memorial Southwest Hospital y al día siguiente me efectuaron el estudio de las arterias sin contratiempo alguno. Dicho estudio reveló la existencia no sólo de Aneurisma Abdominal de la Aorta sino también una grave afección en las coronarias que tenía que ser corre-

gida antes de efectuar la intervención abdominal para evitar un probable fatal desenlace. (Carta del demandante de fecha 7 de diciembre de 1978.)

Tanto el Administrador del hospital, Sr. Aurelio Lladó como el Dr. Pablo Morales, Director del Departamento de Radiología, suscribieron declaraciones juradas expositivas de que en el mismo "no se practican, ni nunca se han practicado, ni a socios, ni a pacientes particulares aortogramas abdominales o artereogramas aórticos abdominales por la arteria braquial, ya que el Hospital Auxilio Mutuo no cuenta con personal médico con los conocimientos, técnicas y experiencia necesarios para practicar ese tipo de examen por esa vía". El doctor Pérez Anzalota reiteró ese hecho y que había ordenado —como requisito indispensable previo a una intervención quirúrgica de un padecimiento de aneurisma en la aorta abdominal— que se realizara "un artereograma aórtico abdominal por la arteria femoral, para determinar antes de la intervención quirúrgica, la extensión de la aorta abdominal que estaba siendo afectada por el aneurisma, y para auscultar si se habían afectado las arterias renales". Consignó además este galeno lo siguiente:

5–Que tal aortograma abdominal o artereograma aórtico abdominal por la arteria femoral, lo intentó realizar la Dra. Magali De Mari, Radióloga del Hospital Auxilio Mutuo con los conocimientos y experiencia para realizar tal tipo de examen por la arteria femoral, pero que atinadamente desistió de llevar a cabo el mismo ante la imposibilidad de llevar la sonda o aguja que se inyecta por la arteria femoral hasta la aorta, evitando graves consecuencias.

6–Que ante la imposibilidad de realizar el artereograma aórtico abdominal por la arteria femoral, desistimos de realizarle la operación de aneurisma al Sr. Huyke Iglesias, ya que en su caso era indispensable realizarle ese estudio o examen previo a la realización de la operación, cosa que posteriormente fue confirmada por los médicos del Centro de Cirugía Cardiovascular de Houston, Texas, según se expone

en las propias comunicaciones cursadas por el Sr. Huyke Iglesias a la Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico.

7–Que no se le intentó practicar al Sr. Roberto Huyke Iglesias el artereograma aórtico abdominal por la región lumbar ya que no es recomendable hacer ese tipo de examen, cuando como en este caso, estimamos o sospechamos que tal aneurisma se encuentra localizada en la parte superior de la aorta abdominal, pues de llevarse a cabo bajo esas condiciones podría traer graves consecuencias al paciente, pues podría romper el aneurisma al introducir la aguja a través de la pared del aneurisma.

8–Que no intentamos practicar al Sr. Huyke Iglesias el artereograma aórtico abdominal por la arteria braquial, que era la única vía recomendable para hacerle ese tipo de estudio, ya que el mismo nunca se ha realizado en el Hospital Auxilio Mutuo, por no contar éste con el personal médico especializado con los conocimientos, técnicas y experiencia para llevarlos a cabo.

9–Que a preguntas del Sr. Huyke Iglesias sobre el Centro de Cirugía Cardiovascular en Houston, Texas, como un sitio donde podrían realizarle el artereograma aórtico abdominal por la vía braquial y la operación de aneurisma de aorta abdominal, le recomendé el mismo porque allí nos consta que tienen la facultad médica con los conocimientos, técnicas y experiencia para realizar tal tipo de examen.

Por su parte la Dra. Magali De Mari depone para reafirmar la práctica institucional e individual limitada antes expuesta, su intento sin éxito de realizar un artereograma aórtico abdominal por la arteria femoral, del cual desistió "evitándose así al paciente graves consecuencias".

Contra este trasfondo de hechos, el demandante Huyke Iglesias descansa y se opone a la sentencia sumaria a base de una declaración jurada suscrita por él y su esposa Ana G. Luiggi en la que expone su ingreso en el hospital; que no fue informado de las limitaciones del estudio; que la doctora De Mari, una vez que no pudo por la arteria femoral, se negó hacerla por la arteria braquial; y que esos

exámenes se hacen en otras instituciones hospitalarias del país.

## II

Esencialmente no hay controversia sobre los hechos básicos y determinantes. La causa de acción del demandante Huyke Iglesias está predicada en que el Auxilio Mutuo no cumplió con el deber que tenía de prestarle tratamiento cabalmente, para lo cual tuvo que ir fuera del país. Intenta cobrar los gastos del tratamiento en Houston.

Carece de causa de acción. Ha quedado plena y satisfactoriamente demostrado: (1) que el estudio que realizaba el Auxilio Mutuo era artereogramas aórticos abdominales por la arteria femoral; (2) que se intentó hacerlo en la persona del demandante; (3) que hubo de desistirse para evitar grave riesgo y peligro; (4) que se le recomendó tratamiento en Houston, Texas; (5) que allá fue extensamente tratado; (6) que se corroboró que su condición precisaba de una operación quirúrgica del corazón antes de la cirugía de la aorta.

La condición de socio del Auxilio Mutuo no conlleva servicios médico-hospitalarios ilimitados no disponibles. Tomamos conocimiento judicial de las diferencias que en los Estados Unidos existen en cuanto a adelantos técnicos en la ciencia médica. Hay centros especializados en distintas áreas, entre los cuales se destacan los relativos al tratamiento de enfermedades cardiovasculares. Puerto Rico, por diversas razones, está rezagado en algunos extremos. Aun en hospitales locales pueden existir diferentes técnicas o alternativas para determinados estudios.

En el caso de autos, los hechos no dan margen a la causa de acción por incumplimiento de contrato. Menos, por mala práctica, ya que si algo ha quedado demostrado fue el sentido de prudencia y buen juicio de los facultativos en abstenerse de realizar un examen peligroso y referir al demandante Huyke al centro especializado. Su pretensión

no encuentra apoyo jurídico. No tiene un contrato o póliza de salud irrestricta, sino un plan médico con ciertas limitaciones, entre las cuales está la presente.

Continuar el trámite del caso, procesal y sustancialmente, es improcedente. Sumariamente el foro debió disponer del mismo.

Por los fundamentos expuestos *se expide el auto y se dicta sentencia en que se declara sin lugar la demanda, con imposición a la parte demandante de la suma de $500 de honorarios de abogado más las costas del proceso.*

El Juez Asociado Señor Dávila se inhibió.